# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **TONYEL Y. BELL,** | |
| Plaintiff, | Case No. 7:22-cv-125 (HL) |
| v. | |
| **TIFT COUNTY HIGH SCHOOL,** *et al.*, | |
| Defendants. | |

### ORDER

Plaintiff Tonyel Y. Bell has filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). (Doc. 2.) Bell satisfies the poverty requirement to proceed IFP, and therefore, his motion is **GRANTED.** Pursuant to 28 U.S.C. § 1915(e), the Court must also screen Bell's complaint for frivolity. As explained below, the Court lacks subject matter jurisdiction over Bell's claims, and Bell's claims are untimely. Accordingly, Bell's complaint is **DISMISSED.**

### I. DISCUSSION

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). Where a Plaintiff demonstrates economic eligibility to file IFP,

the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous." *Id*.

**A. Financial Status**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

To show poverty, the plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306 n.2.

Bell states that he receives $850 a month from disability benefits. (Doc. 2.) Bell also reports a low amount of funds in his banking account and no additional assets. (*Id.*) The Court accepts that Bell has demonstrated he is unable to pay the costs and fees associated with this lawsuit. Accordingly, his motion to proceed IFP is **GRANTED**.

**B. Frivolity Review and Order to Recast**

Because Bell is proceeding IFP, the Court must review his complaint and dismiss if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."[2] *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).

Additionally, because Bell is proceeding pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotation marks

---

[2] To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under this standard, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

and citation omitted).  But "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation marks omitted). *See also Osahar v. U.S. Postal Serv.,* 297 F. App'x 863, 864 (11th Cir. 2008) ("Despite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." (citation omitted)).

Bell's complaint is sparse, with no clearly stated description of his alleged claims.  (Doc. 1.)  Instead, Bell checked the box on the complaint form indicating that the basis of jurisdiction for his complaint is employment discrimination under the Americans with Disabilities Act ("ADA") and checked another box indicating that the named defendants failed to accommodate his disability.  (*Id.* at 3-4.)   Bell also alleges that he has negligence claims to raise.  (*Id.* at 4.)  Bell states that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on November 4, 2022, and that the EEOC has not issued a notice of a right to sue letter.  (*Id.* at 5.)  However, Bell also claims that more than sixty days have elapsed since he filed his charge with the EEOC, which cannot be true based on the date for the EEOC charge that Bell provides, since he filed his complaint on November 14, 2022.  (*Id.*)

Bell's pleadings are sparce, but his complaint makes clear that he cannot state a claim upon which relief can be granted.  Bell has not received a right to sue letter from the EEOC, and therefore, cannot bring a suit under the ADA for employment

discrimination. (*Id.*); see *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Accordingly, Bell's complaint must be dismissed.

## II. CONCLUSION

For the reasons explained above, Bell's complaint is **DISMISSED.**[3]

**SO ORDERED** this 15th day of May, 2023.

*s/Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aem

---

[3] Because Bell's complaint is dismissed, Defendant Tift General Hospital's motion to dismiss (Doc. 4) is **DISMISSED as moot.**